IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

DONALD WESTMORELAND,                )
                                    )
                  Petitioner,       )
                                    )
           v.                       )   1:05CV00829
                                    )
EDDIE L. ROSS, Supt.,               )
Cleveland Correctional Ctr.,        )
                                    )
                  Respondent.       )

### RECOMMENDATION OF MAGISTRATE JUDGE ELIASON

In September of this year, petitioner filed a Section 2254 petition challenging his state court conviction. In his answer, respondent alleges that petitioner has not exhausted the substance of his present federal habeas corpus contentions. Curiously, in the brief, respondent makes no mention of the exhaustion argument, but instead claims that this Court should dismiss the case because it was not filed within the one-year period of the statute of limitations. The brief makes no mention of an exhaustion problem.

After respondent filed his answer and brief, petitioner filed a motion to withdraw the habeas corpus petition without prejudice. Counsel states that he was under the impression that he had, in fact, exhausted his federal claims and has attempted to locate a copy of the petition for discretionary review. After some searching, counsel states that he is of the opinion that petitioner has not exhausted his federal claims in state court and, therefore, requests that this Court dismiss the petition without prejudice.

Respondent filed an opposition and states that even though he will refuse to waive the exhaustion requirement, he wants the Court nevertheless to dismiss the petition on the merits. However, respondent provides no strong reasons for the Court to take such an action. Petitioner has not briefed the issue on the merits yet. Because the petitioner has not exhausted all of the claims, and because petitioner wishes the petition to be dismissed without prejudice, and because respondent does not wish to waive the exhaustion requirement, it will be best that the petition be dismissed without prejudice. See Rose v. Lundy, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982)(complete exhaustion required), and Matthews v. Evatt, 105 F.3d 907, 911-912 (4th Cir. 1997).

**IT IS THEREFORE RECOMMENDED** that respondent's motion to dismiss this case for having unexhausted claims (docket nos. 3 & 4), and petitioner's motion to dismiss this case without prejudice (docket no. 10) be granted, and that this action be dismissed without prejudice.

*/s/ Russell A. Eliason*
**United States Magistrate Judge**

December 13, 2005